IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MICKEY W. PLOTT, JR.,            )
                                 )
            Petitioner,          )
                                 )
      v.                         )    1:09CV568
                                 )
ALVIN W. KELLER, JR.,            )
                                 )
            Respondent.          )

**MEMORANDUM OPINION AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 4, 2008, in the Superior Court of Davidson County, Petitioner pled no contest to one count of statutory sexual offense, four counts of indecent liberties with a minor, and ten counts of third-degree exploitation of a minor. He was then sentenced to one term of 180 to 225 months of imprisonment, four consecutive terms of 19 to 23 months of imprisonment, and ten consecutive terms of 6 to 8 months of imprisonment, all in accordance with the terms of his plea bargain. The 6- to 8-month and 19- to 23-month sentences were suspended. According to the habeas petition and the record in the case, Petitioner filed no direct appeal and no attempts at collateral relief in the state courts. However, on July 16, 2009, he dated his habeas petition as being mailed to this Court. That petition was received by the Court on July 28, 2009 before being

dismissed for procedural deficiencies.[1]  Still, this action was stayed to allow Petitioner to file an amended petition correcting the deficiencies.  Petitioner did so in a petition received by the Court on August 17, 2009.  Respondent has now moved to have this action dismissed.

Respondent requests dismissal on the ground that the petition was filed[2] outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA").  28 U.S.C. § 2244(d)(1).  The AEDPA amendments apply to petitions filed under § 2254 after April 24, 1996.  <u>Lindh v. Murphy</u>, 521 U.S. 320 (1997).

Interpretations of the limitation periods found in 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. <u>Sandvik v. United States</u>, 177 F.3d 1269, 1271 (11th Cir. 1999). The limitation period ordinarily starts running from the date when the judgment of conviction became final at the end of direct review.  <u>Harris v. Hutchinson</u>, 209 F.3d 325 (4th Cir. 2000).[3] Finality has been construed to mean when a petitioner may no longer

---

[1] That order was titled as an order and recommendation, but was actually only an order filing and staying the case.  No further action is necessary regarding that entry despite the fact that it was titled as a recommendation.

[2] A petition is filed by a prisoner when the petition is delivered to prison authorities for mailing.  <u>Adams v. United States</u>, 173 F.3d 1339, 1341 (11th Cir. 1999).

[3] The one-year period can start running at other times, such as when a claim can first be discovered, when new evidence surfaces, or when new case law is decided.  However, all of Petitioner's claims were in existence and could have been known to him at the time of his plea.  He does not rely on new evidence or new case law.  Therefore, the time limit in his case began to run at the time his convictions became final.

-2-

seek further review because of (1) the denial of a petition for certiorari to the United States Supreme Court; or, (2) the expiration of the time to file such a petition. Clay v. United States, 537 U.S. 522 (2003); Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002). Where, as here, no direct appeal is filed, the conviction becomes final when the time for filing a notice of appeal expires. See Clay. According to Respondent, Petitioner had no right to an appeal under North Carolina law, making his convictions final on June 4, 2008, the date judgment was entered in his cases. This would mean that his year to file began to run on that date and expired a year later in June of 2009. Petitioner's original habeas petition was signed and dated more than a month after that on July 16, 2009. Further, even if Petitioner did have a right to an appeal, this would have added only fourteen days to Petitioner's time to file. N.C.R. App. P. 4(a)(fourteen days to serve notice of appeal). His petition was filed beyond the one-year deadline no matter how the period is calculated.

It is true that the one-year limitation period is tolled while state post-conviction proceedings are pending. Harris, supra. The suspension is for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). However, Petitioner filed no attempts at state post-conviction relief. Therefore, his petition is out of time.

-3-

Petitioner acknowledges in his original petition that his petition is untimely. However, he explains this by stating that he is a layman of the law, that there are no law libraries in North Carolina Prisons, and that his attorney would not send him documents from the case. He believes that these facts entitle him to have his petition heard even though it was filed beyond the one-year time limit. Petitioner's argument appears to be an attempt at equitable tolling.

The Fourth Circuit, as well as a number of courts, have held that the one-year limitation period is subject to equitable tolling. Harris, supra; Sandvik, 177 F.3d at 1271 (collecting cases). Equitable tolling may apply when a petitioner has been unable to assert claims because of wrongful conduct of the state or its officers. A second exception is when there are extraordinary circumstances, such as when events are beyond the prisoner's control and the prisoner has been pursuing his rights diligently. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Harris, supra; Akins v. United States, 204 F.3d 1086 (11th Cir. 2000). Circumstances are beyond a prisoner's control if he has been prevented in some extraordinary way from exercising his rights. See Smith v. McGinnis, 208 F.3d 13 (2d Cir. 2000). This might occur where a prisoner is actively misled or otherwise prevented in some extraordinary way from exercising his rights. Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999). On the other hand, unfamiliarity with the legal process, lack of representation, or illiteracy does not constitute grounds for equitable tolling.

Harris, supra; Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999). Likewise, mistake of counsel does not serve as a ground for equitable tolling. Taliani v. Chrans, 189 F.3d 597 (7th Cir. 1999); Sandvik, 177 F.3d 1269. Nor are prison conditions, such as lockdowns or misplacement of legal papers, normally grounds for equitable tolling. Akins, 204 F.3d 1086. Waiting years to raise claims in state court and months to raise them in federal court shows lack of due diligence. Pace, supra. Finally, in order to show diligence, the prisoner must show diligence not merely at the federal level, but throughout the entire post-conviction process in order to have equitable tolling available to him. Coleman, 184 F.3d at 402.

Here, Petitioner's request at equitable tolling easily fails. As just stated, the fact that Petitioner is a layman or ignorant of the law is not a ground for equitable tolling. Although it is true that North Carolina prisons do not have law libraries, prisoners have the opportunity to seek help from North Carolina Prisoner Legal Services. This is an adequate substitute for law libraries. See, e.g., Wrenn v. Freeman, 894 F. Supp. 244 (E.D.N.C. 1995). Finally, the actions of Petitioner's former attorney do not qualify Petitioner for equitable tolling. Taliani, supra. None of Petitioner's claims are dependent on paperwork from his attorney in any event. All are simply based on his personal recollections and representations. He could have filed those claims at any time. Petitioner has shown neither the circumstances nor the diligence necessary for him to be entitled to equitable tolling. Respondent's

-5-

Case 1:09-cv-00568-TDS-WWD   Document 12   Filed 10/21/09   Page 5 of 6

motion should be granted and the amended petition should be dismissed.

**IT IS THEREFORE RECOMMENDED** that Respondent's motion to dismiss (docket no. 9) be granted, that the amended habeas petition (docket no. 6) be dismissed, and that Judgment be entered dismissing this action.

        /s/ Donald P. Dietrich
        **Donald P. Dietrich**
   **United States Magistrate Judge**

October 21, 2009